LEO DUNG DYE *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

No. 1969.

ARGUED NOVEMBER 25, 1930.　　　DECIDED DECEMBER 17, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an action on an accident insurance policy. The insured, Harry Apau Dye, met his death on April 30, 1929, by accidental drowning. The plaintiff in the action is Leo Dung Dye, the widow of the insured, and the sole beneficiary named in the policy. The jury returned a verdict against the defendant in the sum of $10,000. Judgment was rendered on the verdict in the sum of $10,706.67, the amount in excess of the verdict itself being on account of interest. The defendant brings the case to this court by writ of error. At the conclusion of the evidence the defendant moved for a directed verdict, which motion was overruled and to which action of the court defendant excepted. After the verdict the defendant moved for a judgment *non obstante veredicto* on the ground that under the undisputed evidence it was entitled to a judgment notwithstanding the verdict. This motion was likewise overruled and an exception was taken.

There are three assignments of error: (1) the court erred in refusing to grant the defendant's motion for a directed verdict; (2) the court erred in giving plaintiff's instruction number one, which is set out in full in the assignment, and (3) the court erred in overruling the motion for a judgment *non obstante veredicto.*

Of these assignments we can only consider the first and third. The second challenges the correctness of an instruction given at the plaintiff's request, to the giving of which the defendant reserved no exception. Section 2524, R. L. 1925, provides that "* * * no error going to * * * the giving of or refusing to give an instruction to the jury shall be considered by the supreme court unless the same was made the subject of an exception noted at the time the alleged error was committed." The sole question therefore before us is whether under the undis-

puted evidence the defendant was entitled to a verdict as a matter of law.

The policy sued on contains the following clause: "In consideration of the premium of thirty-six and no/100 dollars, and of the statements in the application for this policy, copy of which is endorsed hereon and made a part hereof, and subject to all the provisions and limitations hereinafter contained and endorsed hereon does hereby insure." Endorsed on the policy is a copy of the insured's application for its issuance, the portions of which that are material to the case before us being as follows: "I hereby apply to the United States Fidelity and Guaranty Company for a policy to be based upon the following representation of facts: I understand and agree that the right to recovery under any policy which may be issued upon the basis of this application shall be barred in the event of any one of the following statements, material either to the acceptance of the risk or to the hazard assumed by the company is false, or in the event that any one of the following statements is false and made with intent to deceive. I agree that this application shall not be binding upon the company until accepted either by the secretary at the home office or by an agent duly authorized to issue policies. * * * No application ever made by me for accident, health, or life insurance has been declined."

At the time this application was made the insured had applied to the Prudential Insurance Company of America for a life insurance policy and his application had been rejected and he had been so notified.

It is claimed by the defendant that in this state of the evidence it was error to refuse to direct a verdict in its behalf and also error to refuse to grant its motion for a judgment *non obstante*.

More specifically, the contention is that inasmuch as

the statements of the insured, contained in his application, are expressly made a part of the consideration for the issuance of the policy and are expressly made a part of the policy itself, the contract, as a matter of law, never became effective for the reason that the statement (above quoted) regarding application for "health, accident or life" insurance was untrue so far as it related to life insurance. This contention seems to be based on the theory that the insured warranted the truth of his statements and therefore the falsity of any one of them was in itself a breach of his warranty which rendered the policy entirely void.

The clause of the policy relied on to support the defendant's claim is not, however, the only part of the contract which must be considered in determining the effect of a misstatement of fact on the right to recover on the policy. The preamble to what may be termed the statements of purported facts is just as much a part of the contract as the clause upon which the defendant's claim is predicated. It is clearly disclosed by the preamble (which we have quoted in full) that the insured's statements were not considered as warranties but as representations and that no misrepresentation of fact should bar a recovery on the policy unless it was material either to the acceptance of the risk or to the hazard assumed by the company or unless it was made with intent to deceive.

The defendant's assignments of error numbers 1 and 3 cannot therefore be sustained unless the insured's misrepresentation of the fact that he had never made application for life insurance, which application had been declined, was, as a matter of law, material either to the acceptance of the risk or the hazard assumed by the defendant company or that the misrepresentation was, as a matter of law, made with the intent to deceive the company.

In *United States Health and Accident Insurance Com-*

*pany* v. *Bennett's Administrator,* 105 S. W. (Ky.) 433, the court said at page 434: "A fair test for determining the materiality of a statement contained in an application for insurance is found in answer to the question whether reasonably careful and intelligent men would have regarded the fact, communicated at the time of effecting the insurance, as substantially increasing the chances of the loss insured against." We cannot say that there would be unanimity of opinion among all reasonable and intelligent persons that the rejection of one for life insurance was material to the risk involved in an accident policy or that the fact of such rejection, if it had been disclosed to the defendant, would have influenced it against the issuance of the policy before us. There would probably, in the absence of evidence one way or the other, quite reasonably be a difference of opinion on this subject. In *Mulville, Trustee,* v. *Adams,* 19 Fed. 887, the court said in one of its syllabi: "The materiality of a representation is a question of fact. The test is the probable effect of the representation upon the judgment of the insurer." In *Hardman* v. *Firemen's Insurance Company,* 20 Fed. 594, the court said in one of its syllabi: "If the occupancy by two tenants rather than by one increased the risk, and there had been a failure to disclose that material fact, the policy was void; but if the fact of the additional occupancy did not increase the risk, there was no suppression which was material, and the policy was valid. The test of materiality is whether the disclosure of the fact would have influenced the rate of premium. This question was one of fact and not of law and was properly left to the jury."

In 1 C. J., p. 509, § 338, the general rule is thus stated: "The materiality and truth of the statements in the application is usually a question for the jury to determine, as is also the question whether a statement was made with

intent to defraud." In *Brown* v. *Mutual Life Ins. Co.*, 116 S. E. (Ga.) 559, the court said: "Statements made in an application for life insurance will not, if false, void the policy issued thereon, unless such false statements were material and operated to change the nature or character of the risk. This materiality, when not indisputably established by the evidence, is a matter for determination by a jury" (citing many cases). As to the burden of proof the correct rule is stated in *Watts* v. *Metropolitan Life Ins. Co.*, 211 Ala. 404, 406, as follows: "The prima facie proof of the issue and possession of the policy by plaintiff, and of the loss or death, as required and within the period covered by the policy, being made * * * the burden was imposed on the insurer to have pleaded and proven the forfeiture, if such there was, per the provisions of the policy, and on which the defense was rested."

The defendant sufficiently pleaded its defense but it offered no evidence in support of it other than the false statement of the insured already referred to. Under these circumstances we think the motions for a directed verdict and for a judgment *non obstante* were properly denied.

The judgment of the circuit court is affirmed.

*A. Withington* (*Robertson & Castle* on the briefs) for plaintiff in error.

*N. D. Godbold* (*Heen & Godbold* on the briefs) for defendant in error.