# TERRITORY OF HAWAII *v.* BERNALDO DECORION.

## No. 2661.

SUBMITTED MAY 3, 1948.                    DECIDED MAY 18, 1948.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

The defendant was convicted before a jury of the crime of abortion and sentenced to a maximum period of two years in the penitentiary.

The assignment of errors relied upon challenges the sufficiency of the evidence to support the verdict of guilty and alleges error (1) in the admission of evidence, (2) in the refusal to give an instruction and (3) in the giving of an instruction.

The nature of the case does not permit a detailed recital of the evidence. Suffice it to say, for the purpose of this opinion, that a scanning of the record establishes that there is an abundance of substantial evidence therein which would have warranted the jury in finding that the defendant maliciously, without lawful justification, used an instrument in order to produce the miscarriage as charged in the indictment and thereby committed the crime of abortion as defined by Revised Laws of Hawaii 1945, section 11652. The assignment in challenging the sufficiency of the evidence is therefore without merit.

The alleged error in the admission of evidence pertains to the testimony of an officer of a certain savings and loan association to the effect that the association's records reveal that a person of the same name as the prosecuting witness withdrew the sum of fifty dollars from the association on July 6, 1946. This evidence was corroborative of prior testimony of the prosecuting witness that she had withdrawn fifty dollars from a savings and loan association, which she was unable to name, during the first week of July 1946, and tended to substantiate her further testi-

mony that she thereupon took the fifty dollars and gave forty of it to the defendant to perform her miscarriage. As such, it was material evidence, its weight and any questions of fact arising therefrom being within the jury's exclusive province to determine from all the evidence of the case. For example, the failure of the evidence to identify the prosecuting witness fully and conclusively goes to its weight and presents a question of fact relative to the credibility of the prosecuting witness which only the jury can decide. The evidence, therefore, was properly admitted to the jury as a part of the prosecution's case.

The error alleged in the refusal to give an instruction pertains to an instruction requested by the defendant. That instruction reads: "You are instructed that the pills as testified to by the prosecution's witnesses are not 'poison or noxious thing' as contemplated in Section 11652 of the Revised Laws of Hawaii, 1945." The propriety of refusing to give this instruction depends upon whether the descriptive term "poison or noxious thing" as applied to the pills, within the statutory sense of the term, was an issue to be determined by the jury. In that the term occurs in the statute defining the crime of abortion for which the defendant was indicted, it is first necessary to examine the statute's language by which the term is contexted. Such language is as follows: "Whoever maliciously, without lawful justification, administers, or causes or procures to be administered any poison or noxious thing to a woman when with child, in order to produce her miscarriage, or maliciously uses any instrument or other means with like intent * * * shall be punished * * *." R. L. H. 1945, § 11652. A bare reading thereof establishes that the statute designates, alternatively, two general means by which the crime may be committed. The first is the administering of any poison or noxious thing, which connotes an internal taking of the substance administered, and the

second the using of any instrument or other means, which connotes an external application of the object used. Thus, in order to meet the proof, the two general means of commission may be charged in one indictment by separate counts but in such case it is evident from the language of the statute that only a count charging the first means would raise the issue of "any poison or noxious thing" as contemplated by the statute. In this case the indictment, by its one count, did not charge the first general means. Neither did it allege the administering of anything nor characterize any object as being in substance either poisonous or noxious but alleged the use of "certain pills * * * a more particular description of which is to the Grand Jury unknown," and which the uncontroverted evidence clearly shows were nothing more than innocent vitamin pills. Hence, the issue of "any poison or noxious thing," as contemplated by the statute, was not raised nor was the poisonous or noxious character of the pills involved in the issues to be determined, the contrary of which was erroneously presupposed by the requested instruction. Consequently, the instruction would have invited error had it been given. The refusal to give it was, therefore, proper. Nothing more need be said. But by way of correlation to what has been said, it is appropriate that the indictment be further considered. The indictment charged that the defendant, without lawful justification, maliciously used a "certain instrument" in conjunction with the pills by "forcing and thrusting" both instrument and pills "into the body and womb" of the prosecuting witness, a pregnant woman not quick with child, and did so with the intent to produce her miscarriage, thereby committing the crime of abortion, contrary to the statute. It thus obviously charged the second, in contradistinction to the first, general means of commisssion within the statutory definition of the crime of abortion as demonstrated by the

allegations of the application of external force relative to the manner in which the designated objects were used, irrespective of any insufficiency therein to describe the pills as being either an instrument or the "other means" contemplated by the statute, they being alleged to have been used conjunctively with an instrument, named as such, and the allegations as to that instrument sufficing of themselves to charge the crime of abortion. There is no need, therefore, to determine whether or not the pills under the allegations of the indictment constituted, as a matter of law, either or both of the alternatives of the descriptive term "any instrument or other means." Attention, however, is called to similar statutes employing a comparable term in other jurisdictions where it has been held that the word "instrument" does not necessarily denote some scientific or surgical tool or implement but includes all devices of the abortionist and the term "any instrument or means whatsoever" is not limited by the rule of *ejusdem generis*. (*Wilson* v. *State*, 36 Okla. Crim. 148, 252 Pac. 1106; *The State* v. *Miller*, 90 Kan. 230, 133 Pac. 878.)

The alleged error in the giving of an instruction pertains to a modification of the requested instruction. The modified instruction reads: "You are instructed that the pills as testified to by the prosecution's witnesses, are not 'poison' as contemplated by section 11652 of the Revised Laws of Hawaii 1945." However, the giving of this instruction was not made the subject of an exception noted at the time the alleged error was committed. Consequently, assuming but not deciding that any error existed in the giving of such instruction, it would not constitute a ground of reversal upon a writ of error as in this case (R. L. H. 1945, § 9565), and hence the alleged error need not be considered further. (See *Hou* v. *Hohlweg*, 27 Haw. 760; *City and County* v. *Ward*, 31 Haw. 186; *Dye* v. *U. S. F. &*

*G. Co.,* 31 Haw. 699, 52 F. [2d] 567.)
Judgment affirmed.
*Fong, Miho & Choy for plaintiff* in error.
*T. Suyenaga,* Assistant Public Prosecutor, for defendant in error.