## IN THE MATTER OF THE APPLICATION OF BERNALDO DECORION.

### No. 2732.

ARGUED JUNE 16, 1950.　　　　DECIDED JUNE 21, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

This is an appeal from the decree of the circuit judge at chambers affirming the action of the board of massage in its refusal to grant the appellant a masseur's certificate of registration. The validity of the decree is challenged by the appeal upon the grounds (1) that the appellant has an absolute right to a certificate under Act 192, Session Laws of Hawaii 1947, by virtue of compliance with the provisions of section 13, (1), (b),[1] and (2) that section 6, (3),[2] is void as applied to the case of the appellant.

The facts of appellant's case are not in dispute. The appellant at the time of filing his application for a certificate of massage was exempted from taking an examination in order to be entitled to a certificate under section 13, (1), (b), of the Act, he having met the condition of previous practice of massage and satisfied the requirements of paying a registration fee and of submitting a medical report. Prior thereto, however, he had been convicted twice of felony, one conviction for sexual intercourse with a female under the age of sixteen years and the other for abortion which was then on appeal and thereafter affirmed by this court (see *Territory* v. *Decorion*, 38 Haw. 121). In addition he had been convicted twice of the misdemeanor of practicing medicine without a license on occasions intervening the convictions of

[1] S. L. H. 1947, Act 192, § 13, (1), (b): "All persons, massage parlors or salons, who were engaged in the actual and continuous practice of massage in the Territory of Hawaii prior to the passage of this Act, shall be entitled to a certificate of registration under this Act without an examination, upon payment of a registration fee and a medical report as set forth in this section above."

[2] S. L. H. 1947, Act 192, § 6, (3): "The board may refuse to grant or may revoke a certificate to a person guilty of fraud in passing the examination; to a person convicted of a felony or misdemeanor involving such moral turpitude as the board may determine; to one addicted to liquor or drug habits or for the failure to display the certificates as provided in this Act."

felony. On entertaining the appellant's application the board did not require an examination, but refused to grant him a certificate on the ground that he is "a person convicted of a felony" within the meaning of section 6, (3), of the Act, the board resting its action primarily upon the first conviction of felony and considering the subsequent three convictions of two misdemeanors and one felony as demonstrating no moral reformation on the appellant's part. An appeal was carried to the circuit judge at chambers who by decree affirmed the board's action. From that decree the instant appeal is before this court.

A bare reading of Act 192, *supra,* suffices to show that its dominant purpose is to protect the public frequenting the privacy of massage parlors from persons either unfit or incompetent to practice massage as well as to insure the fitness and competency of those practicing massage. To give effect to that purpose, the reasonable interpretation of the Act as a whole from its nature and context is that it is directory as to the manner of exercising the powers of the board by treating the power to refuse separately from the power to grant a certificate. In correlation, it provides a discretionary power of refusal in any case falling within the provisions of section 6, (3), and at the same time provides a mandatory power of grant in any case not falling within those provisions when the applicant in that case has satisfied pertinent requisites of section 15 and 13. Illustrative thereof, the Act directs that "the board shall issue a certificate" to an applicant on condition that he passes the required examination (§ 15) and that an applicant "shall be entitled to a certificate * * * without an examination" on condition that he has engaged continuously in the practice of massage before the enactment and has paid a registration fee and submitted a medical report (§ 13, [1], [b]), unless the applicant meet-

ing or subject to either condition comes within any of the categories of culpability as depicted by section 6, (3), in which case the board may refuse to grant him a certificate and annul his right to one. (§ 6, [3].) The literal meaning of the mandatory word "shall" as so employed in sections 15 and 13, (1), (b), is thus restricted by the provisions of section 6, (3), to connote a limited mandate under which arises a qualified right to a certificate. Otherwise such literal meaning would not only render those provisions meaningless but lead to the absurdity of compelling the board to sanction the practice of massage upon · the public by every felon, depraved misdemeanant, alcoholic and drug addict who fraudulently passes his required examination or merely is exempted from examination because of his previous practice of massage. The first ground of appeal attempts in effect to uphold that absurdity and is devoid of merit.

The second ground of appeal questions the constitutionality of section 6, (3), of the Act as applied to a person convicted of a felony. The pertinent part of that section reads: "The board may refuse to grant * * * a certificate * * * to a person convicted of a felony or *misdemeanor involving such moral turpitude as the board may determine.*" (Emphasis added.) The appellant invokes the doctrine of *ejusdem generis* as a rule of statutory construction on the theory that the phrase "a felony or misdemeanor" constitutes an enumeration of specific words and that the clause relative to moral turpitude following it is a general clause. He argues therefrom that the legislature intended the clause to refer to the word "felony" as well as to the word "misdemeanor" next preceding that clause. But neither is the phrase an enumeration of specific words nor the clause following it a general one. On the contrary, the reverse is true and none

of the elements of the doctrine is present.

The phrase "a felony or misdemeanor" enumerates general words and operates to exhaust the whole class of crimes. It does not purport to make any differentiation between the kind or species of crimes, but without regard thereto employs two general terms in the alternative which by statutory definition are descriptive of the two main divisions of all crimes in the Territory according to the extent that they are punishable. (See R. L. H. 1945, § 10602.) By that definition misdemeanors, because they are punishable to a lesser extent, are unequal in rank to felonies, even though some misdemeanors involve greater moral turpitude than some felonies. (See *Fimara* v. *Garner*, 86 Conn. 434, 85 Atl. 670, 671.) But most felonies involve moral turpitude and most misdemeanors do not. In contrast to such general phrase, the clause following it in the section is specific and operates to exclude all crimes not tainted with an inherent baseness, the words "moral turpitude" as used therein as being involved in crime denoting an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellow man or to society in general, contrary to the accepted and customary rule of right and duty between men. (See *Ng Sui Wing* v. *United States*, 46 F. [2d] 755; *In re Henry*, 15 Idaho 755, 99 Pac. 1054; *United States ex rel. Berlandi* v. *Reimer*, 30 Fed. Supp. 767, 768.)

No rule of construction is required to ascertain the meaning of the quoted and pertinent part of section 6, (3). Ordinary rules of grammar suffice where, as here, there is nothing manifested to the contrary. Pursuant to those rules, the final and specific clause of such section relative to moral turpitude exclusively qualifies and solely refers to the general term of "misdemeanor" as the next preceding word. The clause thereby narrows the broad meaning

of its immediate antecedent without affecting any other word within the sentence structure of the section. It thus operates to reflect the legislative intent to give the board a discretionary power of refusal to grant a certificate in two cases of diverse character, one case being that of "a person convicted of a felony" irrespective of the degree of moral turpitude involved, if any, and the other that of "a person convicted of a * * * misdemeanor involving * * * moral turpitude," the degree thereof injuriously affecting the practice of massage to be determined by the board. This patently is a reasonable classification. The appellant's case, being one of a person convicted of not one felony, but two, clearly constituted the first case and without more warranted the board's refusal to grant the appellant a certificate independently of the fact that each of those particular felonies *per se* involves moral turpitude. Constitutional questions of unlawful delegation of legislative power and of arbitrary administration as presented by the second ground of appeal do not pertain to the first case, but relate only to the second concerning "such moral turpitude as the board may determine." Nor would any invalidity of provision as applied to the second case affect the provision applicable to the first or the appellant's case under section 24 providing for separability of the Act's provisions. Consequently, the second ground of appeal is without merit, presenting as it does questions which are not judicable on appeal. In closing, it is proper to note that any question of unlawful delegation of legislative power and that of arbitrary administration have been rendered moot by subsequent legislation, which eliminated the words giving rise to those questions. This has been accomplished by an amendment of section 6, (3), which reduced its specific clause "involving *such* moral turpitude *as the board may determine*" (emphasis added) to

the mere phrase "involving moral turpitude," the words emphasized in the clause being the ones eliminated and claimed by the appellant to be objectionable. The pertinent part of the section now reads: "The board may refuse to grant * * * a certificate * * * to a person convicted of a felony or misdemeanor involving moral turpitude." (Act 97, S. L. H. 1949.)

Decree affirmed.

*J. R. Canright,* Deputy Attorney General (also on the brief), for the Territory.

*Fong, Miho & Choy* on the briefs, for appellant. (Submitted their case on their briefs and did not appear to argue.)