LOUJEAN C. VANNATTA, Plaintiff-Appellee, *v.* PACIFIC GUARDIAN LIFE INSURANCE CO., LTD., Defendant-Appellant, and JAMES CHAPPELL, Defendant

NO. 6576

OCTOBER 22, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam*. This is an appeal from a summary judgment below in favor of the beneficiary of a life insurance policy and against the insurer. The insurer contends that the court below erred in granting summary judgment against it and that summary judgment should have been entered in its favor. We hold that on the record there were genuine issues of material fact in dispute, that summary judgment for either side was inappropriate and reverse the judgment below.

The decedent, Charles Vannatta, in 1973, applied for two $10,000.00 life insurance policies from Pacific Guardian Life Insurance Company, Ltd. This suit concerns policy No. 8150 which required, in the application, a medical history for the previous five-year period. The application contained a question:

> Have you within the past 5 years had medical or surgical advice or treatment or any departure from good health (if so, state when, what illness, duration and give name and addresses of attending physicians).

The decedent answered no. According to the record, Dr. Richard J. Trockman, a physician-psychiatrist treated the decedent on at least thirteen occasions during the period September 23, 1971 through January 25, 1972, diagnosing his condition as alcoholism and a passive agressive personality. Charges for these treatments were submitted through the Hawaii Medical Services Association. Dr. Gilbert M. Halpern, a physician, treated the decedent for some minor problems in 1969 and then on three separate occasions in 1970 and 1971, during-which treatments at least two drugs were prescribed and the decedent's condition resulted in hospitalization at Queen's Medical Center.

The policy provided:

> This policy and the application therefor, a copy of which is attached to and made a part of this policy, constitute the entire contract; and, in the absence of fraud, the statements made in the application shall be deemed representations and not warranties and no such statement shall be used in defense to claim under this policy unless it be contained in written application and a

copy of such application be attached or endorsed upon the policy when issued.

The application was attached to the policy.

The policy further provided:

This policy shall be incontestable after two years from date of issue (1) except for the non-payment of premiums (2) except that any part or parts of the policy, if any, relating to additional insurance benefits in the event of death by accidental means.

The policy was issued May 1, 1973 and the decedent Charles W. Vannatta, Jr. died October 4, 1974 within the contestable period.

The appellant refused to pay the proceeds of the policy to the plaintiff-appellee and this suit followed. There was evidence in the record that the policy would not have been issued had the decedent correctly answered the question about previous medical or surgical advice or treatment or any departure from good health. This evidence, however, was from appellant's employee underwriter who admitted that the matter of whether to issue a policy was one of judgment. Certain material appearing in a manual purportedly issued by the Lincoln National Life Insurance is also relied on by appellant. A copy of a portion of that manual is attached to the underwriter's deposition as an exhibit. That exhibit, however, merely points to matters which it indicates should be taken into consideration by the underwriter in deciding whether to accept a risk. It does not purport to supply hard and fast rules.

It is well-settled that a summary judgment is inappropriate where there are disputed material issues of fact. *Abraham v. Ònorato Garages,* 50 Haw. 628, 446 P.2d 821 (1968).

This case is governed by § 431-419, *Hawaii Revised Statutes,* which provides:

A misrepresentation, unless it was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer, shall not prevent a recovery on the policy.

Appellant argues that the underwriter's affidavit that had he known the facts, he would not have issued the policy is uncontradicted and must therefore be accepted. However.

even at trial, the trier of fact is not bound to accept automatically uncontradicted evidence. *See, Pia v. Rapozo,* 43 Haw. 199 —1959).

Certainly, on a motion for summary judgment, the statement of an employee of a party as to what subjective judgment he would have made as to issuing a life insurance policy had certain matters been known to him does not mean there is no dispute as to whether the alleged misrepresentation materially affected either the acceptance of the risk or the hazard assumed by the insurer.

On the other hand, appellee argues that the failure to mention past treatment in the application was minor, not intended to defraud, the result of an inartfully drawn question and properly considered not even false.

A jury might, after a full trial with all of the evidence before it, very well accept the position of either party. That is not the problem on this appeal. Given the record before us, it appears that there are genuine material issues of disputed fact such as whether there were misrepresentations, whether they were made with actual intent to deceive, whether they materially affected either the acceptance of the risk or the hazard assumed by the insurer and whether the insurer would have issued the policy had the decedent fully revealed his history as to the treatments by the two doctors and his hospitalization.

The Supreme Court of Hawaii in *Dye v. U.S.F.&G. Co.,* 31 Haw. 699 (1930), held that where there is conflicting evidence on such issues, they are for the jury. We agree. Summary judgment was inappropriate, and therefore the case is reversed for trial on the merits.

*Jack C. Morse* for defendant-appellant.
*John P. Gillmor* for plaintiff-appellee.