911 P.2d 126

**FIRST INSURANCE COMPANY OF HAWAII, LTD., Plaintiff–Appellee,**

v.

**Mykell SARIASLANI, aka Mykell Sarabi, and Maryam Sariaslani, aka Maryam Sarabi, Defendants–Appellants.**

**Nos. 16582, 16849.**

Intermediate Court of Appeals of Hawai'i.

Feb. 15, 1996.

Mykell Sariaslani, aka Mykell Sarabi, and Maryam Sariaslani, aka Maryam Sarabi, on the briefs, Honolulu, defendants–appellants, pro se.

Jeffrey A. Griswold and Stefan M. Reinke (Lyons, Brandt, Cook & Hiramatsu, of counsel), on the brief, Honolulu, for plaintiff-appellee.

Before ACOBA and KIRIMITSU, JJ., and WONG, Circuit Judge in place of BURNS, C.J., Recused.

KIRIMITSU, Judge.

In a case involving a homeowner's insurance coverage dispute, Defendants–Appellants Mykell Sariaslani, also known as Mykell Sarabi (Mykell) and Maryam Sariaslani, also known as Maryam Sarabi, (collectively Appellants) challenge (1) the First Circuit Court's October 20, 1992 Order Granting Plaintiff–Appellee First Insurance Company of Hawaii, Ltd.'s (First Insurance) Motion for Summary Judgment Filed on July 20, 1992; and (2) the February 4, 1993 Judgment entered in favor of First Insurance.[1] We reverse the order granting summary judgment and vacate the judgment.

## I. BACKGROUND

On September 9, 1990, Appellants submitted a homeowner's insurance application for their home at 357 Lelekepue Place, Honolulu, Hawai'i, to First Insurance. First Insurance issued a homeowner's policy to Appellants providing coverage beginning on September 7, 1990 until September 7, 1991. Attached to the homeowner's policy was a list of jewelry items to be covered by the policy. Included in this list were a necklace containing 10.28 carats of diamonds valued at $65,000 and a gold ring containing 4.88 carats of diamonds valued at $35,000. On or about April 24, 1991, Appellants reported a claim to First Insurance under the homeowner's policy for loss of certain items of personal property, including the above mentioned diamond necklace and diamond ring. First Insurance investigated Appellants' claim and discovered that Appellants did not disclose certain losses as required by the first question in the underwriting information section of the home-

---

1. Appellants' appeal from the October 20, 1992 order granting First Insurance Company of Hawaii, Ltd.'s motion for summary judgment was designated as Supreme Court No. 16582. Appellants filed a second notice of appeal on February 9, 1993, appealing the February 4, 1993 Judg-ment entered against them. This second appeal was designated as Supreme Court No. 16849. On April 5, 1993, the Hawai'i Supreme Court consolidated both appeals under Supreme Court No. 16582.

owner's insurance application. Based on Appellants' failure to disclose, First Insurance denied Appellants' claim.

On July 30, 1991, First Insurance filed an amended complaint for declaratory relief seeking a declaration from the circuit court that the homeowner's policy issued to Appellants be voidable at First Insurance's option. First Insurance alleged, *inter alia*, that it would not have issued the policy if it had been aware of previous losses that Appellants failed to disclose in their application for insurance. On August 26, 1991, Appellants filed an answer generally denying First Insurance's allegations and a counterclaim against First Insurance. On September 6, 1991, First Insurance filed its answer to Appellants' counterclaim.

On July 20, 1992, First Insurance filed its motion for summary judgment. On September 14, 1992, Appellants filed its memorandum in opposition to First Insurance's motion. A hearing was held on the summary judgment motion on September 17, 1992.

On October 20, 1992, the trial court issued an order granting First Insurance's summary judgment motion. The trial court concluded that the question on the insurance application asking about prior losses was "unambiguous as a matter of law." Further, the trial court ruled that Appellants' failure "to disclose two prior homeowners losses on the policy application constituted a material misrepresentation which affected the acceptance of the risk by [First Insurance]...." Finally, the trial court declared that First Insurance may void Appellants' policy and is not obligated to pay Appellants' claim.

On February 4, 1993, the trial court filed a Judgment in favor of First Insurance wherein Appellants' counterclaim was also dismissed. This timely appeal followed.

## II. STANDARD OF REVIEW

■ On an appeal of an order of summary judgment, the standard of review is the same standard applied by the trial courts. *State v.*

*Tradewinds Elec. Serv. & Contracting, Inc.,* 80 Hawai'i 218, 222, 908 P.2d 1204, 1208 (1995). " 'Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.' " *Pacific Int'l Serv. Corp. v. Hurip,* 76 Hawai'i 209, 213, 873 P.2d 88, 92 (1994) (quoting *Kaapu v. Aloha Tower Dev. Corp.,* 74 Haw. 365, 379, 846 P.2d 882, 888 (1993)); *see* Hawai'i Rules of Civil Procedure Rule 56.

To prevail in a motion for summary judgment, the burden lies primarily upon the moving party. *GECC Fin. Corp. v. Jaffarian,* 79 Hawai'i 516, 521, 904 P.2d 530, 535 (App.), *aff'd,* 80 Hawai'i 118, 905 P.2d 624 (1995).[2]

This burden has two components.

First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions ...; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the non-moving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.

Second, the moving party bears the ultimate burden of persuasion. This burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law.

*Id.* (citations omitted).

■ Under the first component of the summary judgment analysis, we consider the

---

**2.** The Hawai'i Supreme Court affirmed this court's summary judgment analysis and rejected only the portion of the analysis which allocated to the plaintiff-movant the initial burden of disproving every affirmative defense alleged by defendant. *GECC Fin. Corp. v. Jaffarian,* 80 Hawai'i 118, 119, 905 P.2d 624, 625 (1995).

following when the moving party is the plaintiff:

> First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond. . . .
>
> Secondly, we determine whether the moving party's showing has established the facts which . . . justify a judgment in movant's favor. . . .
>
> When a summary judgment motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue. Counter-affidavits and declarations need not prove the opposition's case; they suffice if they disclose the existence of a triable issue.

*Id.* at 522, 904 P.2d at 536 (quoting *AARTS Productions, Inc. v. Crocker Nat'l Bank,* 179 Cal.App.3d 1061, 225 Cal.Rptr. 203, 205–06 (1986)). The inferences to be drawn from the underlying facts alleged in the pleadings, admissions, affidavits and depositions must be viewed in the light most favorable to the party opposing the motion. *Fochtman v. Honolulu Police and Fire Dept., City & County of Honolulu,* 65 Haw. 180, 183, 649 P.2d 1114, 1116 (1982).

## III. DISCUSSION

### A. *The Issues Framed by the Pleadings*

First Insurance's complaint seeks, *inter alia,* a declaration from the trial court that the homeowner's policy issued to Appellants is "voidable at the option of First Insurance" because Appellants did not disclose information about prior losses in their homeowner's insurance application.

The relief sought by First Insurance is governed by Hawai'i Revised Statutes (HRS) § 431:10–209 (1993) which provides in relevant part:

> All statements or descriptions in any application for an insurance policy . . . by or on behalf of the insured, shall be deemed to be representations and not warranties. A misrepresentation shall not prevent a recovery on the policy . . . unless it materially affects either the acceptance of the risk or the hazard assumed by the insurer.

Thus, a misrepresentation in an insurance application prevents recovery on the policy if the misrepresentation materially affects the acceptance of the risk or the hazard assumed by the insurer. In order for First Insurance to succeed in their claim for declaratory relief, First Insurance must establish that Appellants' misrepresentations materially affected their decision whether to issue the policy to Appellants. Under summary judgment, First Insurance has the burden of showing that no genuine issue of material fact exists on whether the homeowner's policy would have been issued if First Insurance was aware of the claims concealed by Appellants in the insurance application.

### B. *Facts Established by First Insurance*

Attached as an exhibit to First Insurance's motion for summary judgment is a copy of the homeowner's insurance application completed by Appellants. The first question in the Insurance Application asked: "1. ANY LOSSES IN THE PAST 3 YEARS THAT WOULD HAVE BEEN COVERED BY THIS POLICY?" Below this question was the choice of either "YES" or "NO" with a box next to each response. A check mark was written into the box next to the "YES." Adjacent to this is the word "DATE" with a written response of "1/90[.]" Next to this is the word "AMOUNT," and a question mark is given in response. The last word on this line is "CAUSE," and written next to it are the words "windstorm—roof damage[.]"

Other exhibits attached to First Insurance's motion indicated that: (1) in 1988, Appellants were paid under a homeowner's insurance policy issued by Fireman's Fund for the loss of some jewelry; and (2) in March 1990, Appellants received payment from a policy issued by Hawaiian Insurance Company from a claim based on the loss of several persian rugs and other items that were stolen from Mykell's car. Also included as an exhibit were excerpts from Mykell's deposition wherein he explained that information about these two claims were not included in the response to the first question of the homeowner's insurance application because he "forgot" about them.

Another item included in support of First Insurance's summary judgment motion is an affidavit by Antonio Abad (Abad), a manager of First Insurance's underwriting department. Abad attested that "Item 9" of First Insurance's underwriting guidelines, "states that a policy will not be issued if the applicant has had more than one prior loss of any type in the previous three years[.]" A copy of the underwriting guidelines was attached as exhibit F to Abad's affidavit. The item Abad referred to reads as follows:

|  | "DEVIATED | NONDEVIATED |
| --- | --- | --- |
| .... | | |
| 9. Loss Experience | No losses other than 1 CAT loss. | For Protection Class 3–8; one loss of any type." |

The underwriting guidelines were in effect at the time that First Insurance issued its policy to Appellants. According to Abad, "if First Insurance ... had known that [Appellants] had more than one homeowners loss of any type in the relevant three-year period prior to September 1990, First Insurance would not have issued" the homeowner's policy.

In *Vannatta v. Pacific Guardian Life Ins.*, 1 Haw.App. 294, 618 P.2d 317 (1980), the insured did not disclose his relevant medical history in his life insurance application and the insurer refused to provide benefits. The insured's beneficiary obtained a summary judgment against the insurer who appealed arguing that summary judgment should have been entered in its favor. *Id.* at 295, 618 P.2d at 318. The insurer presented evidence that the life insurance policy would not have been issued if the insured revealed his medical history. However, an employee of the insurer admitted in a deposition that "whether to issue a policy was one of judgment" and a portion of the insurer's manual attached as an exhibit served only to identify matters to be considered by the insurer in deciding whether to issue a policy. This court described the manual as "not purport[ing] to supply hard and fast rules." *Id.* at 296, 618 P.2d at 317. We held that summary judgment is not appropriate because "there are genuine material issues of disputed fact such as ... whether the insurer would have issued the policy had the decedent fully revealed his [relevant medical] history...." *Id.* at 297, 618 P.2d at 319. We reasoned,

the statement of an employee of a party as to what subjective judgment he would have made as to issuing a life insurance policy had certain matters been known to him does not mean there is no dispute as to whether the alleged misrepresentation materially affected either the acceptance of the risk or the hazard assumed by the insurer.

*Id.* We then recognized that under the record present in *Vannatta*, the proper resolution is to present the conflicting issues to the jury. *Id.* The above reasoning is analogous to the proposition that the question of materiality of misrepresentation is a question for the fact finder "[i]f the evidence is such that the court is unable to determine as a matter of law whether or not it was the custom of the insurer to reject risks of the character in question, and whether or not it would have refused the risk had it known the exact truth...." 7 *Couch on Insurance 2d* § 35:48, at 74–75 (Rev. ed. 1985).

First Insurance maintains in its memorandum in support of its motion for summary judgment that it would not have issued the homeowner's policy to Appellants if Appellants disclosed the prior losses. First Insurance relies upon their guidelines and Abad's affidavit. However, we are not convinced that item number nine of First Insurance's underwriting guidelines and Abad's interpretation of the particular guideline is sufficient to establish that First Insurance would not have issued the policy to Appellants if they had known of the prior losses. Abad's representation that item number nine of the underwriting guidelines "states" that the policy would not have been issued is not evident from the language contained in that item. Terms such as the two headings "DEVIATED" and "NONDEVIATED"; "1 CAT loss"; and "Protection Class 3–8" all went unexplained. Given that the inferences to be drawn from the relevant materials presented by the moving party are viewed in the light most favorable to the nonmoving party, *Fochtman*, 65 Haw. at 183, 649 P.2d at 1116, "and any doubt concerning the propriety of granting the motion should be resolved in favor of the non-moving party[,]" *Jaffarian*, 79 Hawai'i at 521, 904 P.2d at 535,

we hold that First Insurance did not satisfy its burden of showing that there is no genuine issue of material fact as to whether Appellants would have been denied insurance if the application made First Insurance aware of the previous losses. Because First Insurance did not show that no genuine issue of material fact remains, we need not continue the analysis.

## IV. CONCLUSION

For the foregoing reasons we reverse the October 20, 1992 Order Granting Plaintiff–Appellee First Insurance Company of Hawaii, Ltd's Motion for Summary Judgment filed on July 20, 1992 and vacate the February 4, 1993 Judgment. Accordingly, we remand the case to the First Circuit Court for further proceedings consistent with this opinion.