PASQUALE FIMARA vs. WARD A. GARNER, WARDEN.

First Judicial District, Hartford, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

General Statutes, § 1528, originally enacted in 1830, provides that on conviction of any "high crime or misdemeanor" at common law, the offender may be imprisoned in the State prison not more than five years, and "for any other offense at common law" may be imprisoned in jail not less than thirty-one days nor more than one year. *Held* that a conspiracy to commit an assault was a "high crime and misdemeanor" within the intendment of the statute, while "any other offense at common law" referred only to petty or simple misdemeanors.

In its effect upon the public peace, and in its deliberate and premeditated disregard of law, a conspiracy to commit an assault ordinarily exceeds in criminality a simple assault, and indeed the ordinary assault with intent to kill.

High crimes and misdemeanors are the more serious or aggravated misdemeanors, those which are nearly allied with, and equal in guilt to, felonies, but do not fall within its definition.

Argued October 3d, 1912—decided January 15th, 1913.

WRIT OF HABEAS CORPUS to determine the legality of the imprisonment of one Domenico Cesare in the

State prison, brought to and heard by the *Hon. Howard J. Curtis*, a judge of the Superior Court, who adjudged that the prisoner was legally imprisoned and remanded him to the custody of the respondent to serve his sentence, from which judgment the petitioner appealed. *No error.*

*John C. Chamberlain*, for the appellant (petitioner).

*John S. Pullman*, Special State's Attorney, for the appellee (respondent).

WHEELER, J. The return showed that the respondent held the petitioner under a warrant, issued by the Superior Court, ordering him to receive and keep the petitioner until the expiration of the term of imprisonment imposed by said court during a period not exceeding five years as a maximum term and not less than three years as a minimum, upon his conviction for the crime of conspiracy. The petitioner demurred to the return upon the ground that "said judgment sentenced the prisoner to a place not warranted by law for the crime with which he stood charged, and for a longer term than justified by any statute."

The accused was sentenced under General Statutes, § 1528, providing that "in case of conviction for any high crime or misdemeanor at common law, the offender may be imprisoned in the state prison not more than five years, or in a jail not less than two months, nor more than one year, or fined not more than five hundred dollars, or both; and in case of conviction for any other offense at common law, the offender shall be imprisoned in a jail not less than thirty-one days, nor more than one year, or fined not more than three hundred dollars, or both."

The single question for decision is whether the crime

of conspiracy is a high crime and misdemeanor within the intendment of this statute. The term "high crime and misdemeanor" is peculiar to our statutes. We find the same term used in the impeachment clause of the Federal Constitution. The interpretation given the term in decisions under this clause cannot help in interpreting our statute, as the appellant claims, since that applies primarily to instances of official misconduct, and is used as a term of general description rather than as technical words of art under the common law. Pomeroy on Constitutional Law (7th Ed.) § 715; Black on Constitutional Law (3d Ed.) §§ 83–85; 1 Elliott's Debates, pp. 158, 219, 222, 228.

Our statute, as first passed in 1830 (Public Acts of 1830, p. 277, § 118), read: "In all cases of conviction of any person˙ or persons for any high crime and misdemeanor, at common law." It continued in this form to the Revision of 1875, when "or" was substituted for "and," making the statute read: "In case of conviction for any high crime or misdemeanor at common law." Rev. 1875, p. 540, § 21.

The study of the statute, in the light of the decisions thereunder, has convinced us that the subsequent change in phraseology was not intended to change the meaning of the statute; that "high" qualifies "misdemeanor" as well as "crime," and that the term "high crimes and misdemeanors" includes no crimes other than high misdemeanors. When this statute was passed crimes were divided into three classes, treason, felony, and misdemeanor. Felonies comprised those crimes which are such at common law or have been made such by statute. Misdemeanors comprised all crimes less than felonies. The term "misdemeanor" is descriptive of a crime not so grievous as the felony, although some misdemeanors may involve greater moral turpitude than some felonies. This statute was

intended to provide a penalty for the commission of every misdemeanor known to the law, whose penalty was not otherwise provided for. By it misdemeanors were divided into two grades: those whose criminality was nearly akin to felony, that is, the more serious misdemeanors, and those of an inferior kind, called petty or simple misdemeanors. High crimes and misdemeanors are the more serious or aggravated misdemeanors: those which are nearly allied and equal in guilt to felony, but do not fall within its definition. *Ross* v. *Crofutt*, 84 Conn. 370, 374, 80 Atl. 90. "Any other offense at common law," as prescribed in the statute, comprises the petty or simple misdemeanors. Under the common law, a conspiracy to commit either a misdemeanor or felony is only a misdemeanor. *State* v. *Thompson*, 69 Conn. 720, 725, 38 Atl. 868; *State* v. *Setter*, 57 Conn. 461, 464, 18 Atl. 782; *Berkowitz* v. *United States*, 93 Fed. Rep. 452, 455; *Commonwealth* v. *Putnam*, 29 Pa. St. 296, 297; 2 Bishop on Criminal Law (8th Ed.) § 240; 8 Cyc. 637. The crime of conspiracy is committed whether the criminal or unlawful act which was the object of the conspiracy is accomplished or not, or whether it be of a heinous character or not. *State* v. *Thompson*, 69 Conn. 720, 725, 38 Atl. 868. It is a distinct offense, entirely independent of the crime or unlawful act which is the purpose of the conspiracy. The confederation for an unlawful purpose, or for a lawful purpose by unlawful means, is the offense. *State* v. *Setter*, 57 Conn. 461, 469, 18 Atl. 782; *State* v. *Glidden*, 55 Conn. 46, 69, 70, 8 Atl. 890; *State* v. *Thompson*, 69 Conn. 720, 726, 38 Atl. 868. An unlawful act may not prove injurious to an individual or to a community when attempted by an individual, and may be readily prevented; the same act attempted by two or more in concert may become dangerous to the public peace and to the security of persons and property, and

harmful to public morals, by the very weight and power of numbers. *State* v. *Setter*, 57 Conn. 461, 470, 18 Atl. 782; *State* v. *Gannon*, 75 Conn. 206, 211, 52 Atl. 727. These characteristics of the crime indicate that the law regards it as a serious crime of far-reaching criminality.

Every assault, except certain statutory kinds, whether aggravated or simple, is at common law a misdemeanor. Assaults vary greatly in character, in their danger to the individual, and in their violation of the public peace. An assault with intent to kill is, by our common law, a misdemeanor, but one of an aggravated type, and it is held a high crime and misdemeanor, punishable under the severest penalty of General Statutes, § 1528. *State* v. *Danforth*, 3 Conn. 112. A conspiracy to commit an assault, because of the numbers engaged, may easily lead to consequences greater even than those intended. In its effect upon the public peace, and in its disregard of law through deliberate and premeditated agreement, it ordinarily exceeds in criminality the simple assault, and, indeed, the ordinary assault with intent to kill. The confederation by the many to commit a crime is apt to be larger in its measure of evil to the community than the mere commission of the crime by the individual. From its nature and consequences, a conspiracy is at common law a high misdemeanor. Originally it was punishable by fine and imprisonment, at the discretion of the court. 1 Bishop on Criminal Law (8th Ed.) § 940; 3 Ency. of Laws of Eng. pp. 472, 483. In some jurisdictions the penalty is prescribed as for a felony, or a crime akin to felony. In no instance, so far as we have found, is it treated as a simple or inferior misdemeanor. With us, since General Statutes, § 1528, was first enacted, we have treated and held every conspiracy to commit a crime, as the common law offense—high misdemeanor—

punishable under the penalty as such. *State* v. *Setter*, 57 Conn. 461, 469, 18 Atl. 782.

There is no error.

In this opinion the other judges concurred.