**Orlando Javier PEREZ, Appellant,**

v.

**The STATE of Texas.**

No. 1430–98.

Court of Criminal Appeals of Texas, En Banc.

Feb. 9, 2000.

Larry Warner, Brownsville, for appellant.

John A. Olson, Asst. Dist. Atty., Borwnsville, Matthew Paul, State's Atty., Austin, for State.

## *O P I N I O N*

JOHNSON, J., delivered the opinion of the court, in which MEYERS, MANSFIELD, PRICE and WOMACK, JJ., joined.

Appellant Javier Perez was convicted of aggravated assault with a firearm and sentenced to fifteen years confinement. He filed a motion for new trial, alleging that a disqualified juror had sat on his panel. At a hearing pursuant to his motion for new trial, appellant and the state entered into a stipulation of evidence that one of the jurors at appellant's trial had a final conviction for felony driving while intoxicated and that this information was not discovered until after rendition of the verdict. The trial court overruled appellant's motion for new trial on the basis that appellant had made no showing of "significant harm," as mandated by TEX.CODE CRIM. PROC. art. 44.46(2).

### *COURT OF APPEALS*

The Corpus Christi Court of Appeals reversed and remanded. The basis for its ruling was that, as applied to appellant, art. 44.46 was in conflict with TEX. CONST. art. XVI, § 2. Art. XVI, § 2 provides that

> Laws shall be made to exclude from office, serving on juries, and from the right of suffrage, those who may have been or shall hereafter be *convicted of bribery, perjury, forgery, or other high crimes*. The privilege of free suffrage shall be protected by laws regulating elections and prohibiting under adequate penalties all undue influence therein from power, bribery, tumult or other improper practice.

(Emphasis added.) Art. 44.46 provides that

A conviction in a criminal case may be reversed on appeal on the ground that a juror in the case was absolutely disqualified from service under Article 35.19 of this code only if:

(1) the defendant raises the disqualification before the verdict is entered; or

(2) the disqualification was not discovered or brought to the attention of the trial court until after the verdict was entered and the defendant makes a showing of significant harm by the service of the disqualified juror.

Art. 35.19 provides that "[n]o juror shall be impaneled when it appears that he is subject to the second, third or fourth cause of challenge in Article 35.16, though both parties may consent." Art. 35.16 provides in relevant part:

(a) A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury. A challenge for cause may be made by either the state or the defense for any one of the following reasons:

\* \* \* \*

2. That he has been *convicted of theft or any felony;*

3. That he is under indictment or other legal accusation for theft or any felony;

4. That he is insane;

(Emphasis added.) The court found that the purpose art. XVI, § 2 "is to prohibit felons from serving on juries." *Perez v.*

State, 973 S.W.2d 759, 762 (Tex.App.—Corpus Christi 1998). Therefore, it held that art. 44.46 was unconstitutional as applied to appellant because "through its application, he failed to receive a fair and just trial before a jury composed of twelve qualified persons." *Id.* Justice Dorsey dissented. *Id.* at 762–64 (Dorsey, J., dissenting).

We granted the District Attorney's petition for discretionary review on the following ground: As applied to appellant's case, does Tex.Code Crim. Proc. art. 44.46 violate Tex. Const. art. XVI, § 2? We also granted the State Prosecuting Attorney's petition for discretionary review on the following ground: Does Tex.Code Crim. Proc. art. 44.46 violate Tex. Const. art. XVI, § 2?

### ANALYSIS

In its determination that, as applied to appellant, art. 44.46 conflicted with art. XVI, § 2, the Court of Appeals first determined that the phrase "high crimes," as it appears in art. XVI, § 2, refers to felonies. *Perez*, 973 S.W.2d at 760 n. 3.[1] In his dissent, Justice Dorsey disputed that definition. He argued that the enumerated offenses involve moral turpitude and so indicate that "high crimes" must also involve moral turpitude. *Id.* at 763–64 (Dorsey, J., dissenting).[2]

Notably, other provisions of the Texas Constitution refer specifically to felonies. *See* Tex. Const. art. III, § 14 (Privilege from arrest); Tex. Const. art. VI, § 5 (Privilege of voters from arrest). These two provisions and art. XVI, § 2 have

---

**1.** The only authority cited for this proposition was *Welch v. State ex rel. Long*, 880 S.W.2d 79, 82 (Tex.App.-Tyler 1994, writ denied), which states that "[i]n ordinary usage the phrase ['high crime'] means nothing more than a serious or grave crime. This suggests, especially after the references to bribery, perjury, and forgery, that the phrase refers to felonies." (Citations omitted.)

**2.** "[Mr. Welch] argued including that undefined term following the crimes of bribery, perjury, and forgery implied the constitution-

al prohibition involved crimes of moral turpitude. Considering the nature of the privileges and duties denied the wrong-doers (public service, jury service, and the right to vote), I an inclined to agree with Mr. Welch. Certainly the identifiable crimes listed involve moral turpitude, and the nature of the offices and rights denied the offenders are positions of elevated public trust inconsistent with those proven to be unworthy of such trust." *Perez*, 973 S.W.2d at 764 (Dorsey, J., dissenting).

appeared, in substantively identical forms, in every constitution since 1845.[3] Thus, the framers of all our constitutions were certainly familiar with the term "felony." If they had meant that persons be excluded from, *inter alia*, jury duty on the basis of any felony conviction, then presumably, they would have said so. Instead, however, they used the phrase "other high crimes." It appears that something else was meant by that phrase.

■ What is meant by "other high crimes" can be determined using the rule of statutory construction known as *ejusdem generis*, which holds that in interpreting general words which follow an enumeration of particular or specific things, the meaning of those general words should be confined to things of the same kind. *See, e.g., Ex parte Roquemore*, 60 Tex.Crim. 282, 131 S.W. 1101, 1103–04 (1910); *Ex parte Muckenfuss*, 52 Tex.Crim. 467, 107 S.W. 1131, 1131–32 (1908); *see also* 2A SUTHERLAND STAT. CONST. §§ 47.17–47.22 (5th ed.1993); BLACK'S LAW DICTIONARY 517 (6th ed.1990). In order to harmonize the term "other high crimes" with "bribery, forgery, perjury," that term must be limited to criminal conduct which demonstrates the same type of moral corruption and dishonesty inherent in the specified offenses. *See Perez*, 973 S.W.2d at 763–64 (Dorsey, J., dissenting); *see also Otsuka v. Hite*, 64 Cal.2d 596, 51 Cal.Rptr. 284, 414 P.2d 412, 421 (1966).[4]

■ In the instant case, the complained-of juror was convicted of felony driving while intoxicated. This offense, which does not even require a culpable mental state, cannot reasonably be characterized as a "high crime." *See* TEX. PEN. CODE §§ 49.04 & 49.09(b). Thus, even under the broadest reading of TEX. CONST. art. XVI, § 2, the juror was not constitutionally disqualified from serving; rather, the disqualification was statutory. As such, there is no conflict in the instant case between art. XVI, § 2 and art. 44.46, and the latter is not unconstitutional as applied to appellant. The District Attorney's and State Prosecuting Attorney's grounds for review are sustained.

Based on the foregoing, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court for proceedings consistent with this opinion.

KELLER, J., filed a concurring opinion. HOLLAND, J., filed a concurring opinion, in which McCORMICK, P.J., and KEASLER, J., joined.

KELLER, J., delivered a concurring opinion.

The question in the present case is whether Texas Code of Criminal Procedure, Article 44.46(2) violates Article XVI § 2 of the Texas Constitution. I would hold Article 44.46(2) to be constitutional in its entirety.

**A. The Court of Appeals' Opinion**

The Court of Appeals held that Article 44.46(2) violated Article XVI § 2 of the Texas Constitution because the statute "allows juries to be empaneled with persons who have been 'convicted of bribery, perjury, forgery or other high crimes,'" thereby

---

3. Previous versions of art. XVI, § 2: TEX. CONST. of 1869, art. XII, § 2; TEX. CONST. of 1866, art. VII, § 4; TEX. CONST. of 1861, art. VII, § 4; TEX. CONST. of 1845, art. VII, § 4.
   Previous versions of art. III, § 14: TEX. CONST. of 1869, art. III, § 20; TEX. CONST. of 1866, art. III, § 15; TEX. CONST. of 1861, art. III, § 16; TEX. CONST. of 1845, art. III, § 16.
   Previous versions of art. VI, § 5: TEX. CONST. of 1869, art. III, § 2; TEX. CONST. of 1866, art. III, § 2; TEX. CONST. of 1861, art. III, § 3; TEX. CONST. of 1845, art. III, § 3.

4. Judge Holland's concurring opinion states that the phrase "other high crimes" should not be limited to crimes which demonstrate moral corruption and dishonesty, on the basis of the word "or" in art. XVI, § 2. *Post*, at 225–28 (Holland, J., concurring). However, this approach ignores the use of the word "other" in that same provision. That term specifically indicates that the term "high crimes" should be limited to the type of specific crimes listed in art. XVI, § 2.

destroying the jury's purity." *Perez v. State*, 973 S.W.2d 759, 762 (Tex.App.—Corpus Christi 1998). The court further stated that the "statute flies in the face of article XVI, section 2, the purpose of which is to prohibit felons from service on juries." *Id.* In its discussion, the Court of Appeals also briefly referred to Article I § 15, which refers to the "purity and efficiency" of the right to trial by jury. *Id.*

## B. The relevant provisions

Article XVI § 2 of the Texas Constitution requires the Legislature to enact laws excluding persons convicted of certain crimes from enjoying certain benefits enjoyed by the citizenry, including service as a juror:

> Laws shall be made to exclude from office, serving on juries, and from the right of suffrage, those who may have been or shall hereafter be convicted of bribery, perjury, forgery, or other high crimes.

The Legislature enacted a law granting the State and the defendant in a criminal case the right to challenge for cause a prospective juror who "has been convicted of theft or any felony." Texas Code of Criminal Procedure, Article 35.16(a)(2). The Legislature further provided that conviction for a theft or felony is an absolute disqualification, and that a juror subject to such a disqualification may not be seated even by consent of the parties. Texas Code of Criminal Procedure, Article 35.19. But the Legislature also specified that the service of such an absolutely disqualified person would result in reversal of a conviction only under certain circumstances:

> A conviction in a criminal case may be reversed on appeal on the ground that a juror in the case was absolutely disqualified from service under Article 35.19 of this code only if:
> (1) the defendant raises the disqualification before the verdict is entered; or
> (2) the disqualification was not discovered or brought to the attention of the trial court until after the verdict was entered and the defendant makes a showing of significant harm by the service of the disqualified juror.

Article 44.46. The question we confront is whether this limitation on the ability of an appellate court to reverse a conviction violates a constitutional proscription against jury service of persons convicted of certain crimes.

## C. Article I § 15

First, the Court of Appeals' reliance upon Article I § 15 of the Texas Constitution in support of its holding is misplaced. That provision states in relevant part: "The right of *trial by jury* shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency." *Id.* (emphasis added). The words "purity" and "efficiency" relate to the right to a trial by jury, not to the jury itself. The purity of the right is maintained by providing the right in all cases for all issues that the jury is required to decide (assuming the right has not been waived). The efficiency of the right refers to the procedures for asserting the right. We should keep in mind that § 15 applies to both criminal and civil cases. The "efficiency" of the right to a jury trial may be more significant for civil cases, in which the right is waived unless a jury trial is timely asserted and a jury fee is paid. Tex.R. Civ. P. 216.

"The right to a trial by jury means, of course, the right to a trial by an impartial jury. See *Pierson v. State*, 18 Tex.App. 524 (1885). Within the limits of denying the parties an impartial jury, the legislature may prescribe the procedure for impanelling the jury *and the qualifications of jurors*." Interpretive Commentary, Vernon's Ann. Tex. Const., Article I § 15, p. 558 (emphasis added). I understand this to mean that the qualifications for jury service are not part of the constitutional right to a trial by jury protected by Article I § 15.

Moreover, the exclusion of criminals from the jury is addressed explicitly by a separate constitutional provision, Article XVI § 2. Presumably, the framers of the Constitution would not have believed that a separate provision was necessary if the right to a jury trial also encompassed the exclusion of criminals from the jury. Or at least, the framers would have addressed the issue within the same constitutional provision, instead of addressing the topic not merely in a different section, but in an entirely different article. I conclude that the presence of a convicted felon on the jury does not implicate a party's right to a jury trial under Article I § 15.

### D. Article XVI § 2

The issue here is whether Article 44.46(2) violates Article XVI § 2 of the Texas Constitution. The Court of Appeals' opinion suggests that the statute permits the empaneling of certain criminals in violation of this constitutional provision. But, as noted by Justice Dorsey, Article XVI § 2 does not itself prohibit the empaneling of any person as a juror. The provision directs the Legislature to enact laws to prohibit the empaneling of certain persons. *Perez v. State*, 973 S.W.2d at 763 (Dorsey, J. dissenting). The Legislature has followed that mandate by enacting Articles 35.16(a)(2) and 35.19. In doing so, the Legislature went further than mandated by including all felonies, and not just "high crimes." These enactments establish that persons with a theft or felony conviction are absolutely disqualified from serving on the jury and cannot be empaneled even if the parties consent. So, the constitutional provision's requirements have been fulfilled, and nothing further is required.[1]

Article 44.46(2) does not in any way "undo" the prohibitions on jury service established by the Legislature. The stat-ute does not authorize the empaneling of felons for jury service; it simply addresses whether the defendant will obtain a remedy if a felon is in fact empaneled.[2] In such a situation, the consequence that Article XVI § 2 was designed to prevent has already occurred: the criminal has served. Whether the defendant obtains some kind of a remedy as a result is, at best, a collateral question.

In some ways that question is similar to one we decided regarding Article I § 9. Article I § 9 prohibits unreasonable searches and seizures. Whether a violation of that provision (e.g. an unreasonable search) results in the suppression of evidence obtained as a result of that violation (i.e. employment of an exclusionary rule) is a separate, collateral issue not encompassed by the right granted in that constitutional provision. *See Hulit v. State*, 982 S.W.2d 431, 437 (Tex.Crim.App.1998)(citing *Welchek v. State*, 93 Tex.Crim. 271, 247 S.W. 524 (1922)(Article I § 9 contains no exclusionary rule)). Reversing a conviction after a felon has served on the jury is analogous to applying an exclusionary rule to the fruits of an illegal search in that both situations rely upon the notion of deterrence to justify the proposed rule. Exclusionary rule advocates would attempt to deter police misconduct by excluding the fruits of their misconduct from criminal trials. Likewise, reversing a conviction already obtained can serve the purpose of prohibiting jury service by felons only (if at all) by deterring the service of felons on juries in the future. In holding that Article I § 9 contains no exclusionary rule, we rejected the notion that the Texas Constitution necessarily incorporates deterrence-based remedies for violations of constitutional rights.

Moreover, there are far more persuasive reasons for excluding deterrence-based relief under Article XVI § 2 than were avail-

---

1. The majority's discussion of the meaning of "other high crimes" is unnecessary to the disposition of this case.

2. And in fact, Article 44.46(2) applies only after a verdict has already been returned, and consequently, dismissing the unauthorized juror from the panel is no longer an option.

able for Article I § 9. First, the Constitution does not affirmatively prohibit jury service by felons; rather, Article XVI § 2 directs the Legislature to enact laws doing so. Thus, the Constitution invests in the *Legislature* the ability to determine the methods used to prohibit jury service by felons. Whether to employ a deterrence-based approach is a matter left to the Legislature, and the Legislature can, in its discretion, determine that certain deterrence-based approaches are inappropriate methods of attempting to prohibit unauthorized jury service.[3]

Second, the Constitution does not confer upon the *defendant* a right to exclude criminals from the jury. Article XVI § 2 does not focus solely upon jury service (the provision also addresses the ability to hold office and vote) and that provision does not confer a right upon litigants. Instead, the section calls for laws excluding certain persons from the enjoyment of several civic activities, including jury service. The focus is upon the prospective juror's rights, not upon the rights of a party to a criminal or civil lawsuit. Article XVI § 2 is, thus, not designed to confer rights upon litigants but is designed to limit the rights of prospective jurors by excluding certain persons from jury service based upon conviction for certain crimes. The Constitution confers no standing upon litigants to challenge service by such criminals (and thus obtain reversals), nor does the Constitution require that the Legislature confer such standing. If the Legislature chooses to confer standing to mount such a challenge, it is free to place conditions and restrictions upon the standing conferred. To the extent that the Legislature has given a criminal defendant the right to obtain a reversal of his conviction as a result of the service of a thief or felon on the jury—a right the Legislature was not required to grant—the Legislature is also empowered to place limits upon that right

and to outline the conditions for exercising that right.

Further, Article 44.46(2) merely establishes a standard for assessing harm for a statutory violation. We have recognized in a wide variety of contexts that errors—both constitutional and non-constitutional—are subject to a harm analysis. Only federal constitutional errors labeled by the United States Supreme Court as "structural" are immune from such analysis. *Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim.App.1997). We have recognized the Legislature's authority to establish harm standards for statutory violations, and to vary the standard of harm depending upon whether the party objected at trial. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984)(opinion on rehearing)(statutorily imposed harm analysis for jury charge error).

Although Article XVI § 2 is a constitutional provision, that provision does not establish a constitutional prohibition against jury service; instead, the provision requires merely that the Legislature establish a statutory prohibition. A good example of a contrasting provision is Article I § 15, which first establishes a constitutional right to a jury trial ("The right of trial by jury shall remain inviolate") and then requires the Legislature to pass laws enforcing that right ("The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency"). So, service by a felon who falls within one of the categories outlined in Article XVI § 2 is a *mere* statutory violation, for which the Legislature can prescribe a harm analysis—as it has done. Even if service by a felon were considered to be a constitutional violation, however, it would not be a constitutional violation of the *defendant's* rights, as explained above. The only right conferred upon the defendant is of statutory origin, found in Articles 35.16 and 35.19, granting

---

**3.** The harm standard contained in Article 44.46(2) may, arguably, have been designed

to encourage the earlier exposure and removal of unauthorized jurors.

the defendant the ability to assert challenges for cause.

I concur in the Court's judgment.

HOLLAND, J., filed a concurring opinion in which McCORMICK, P.J.,and KEASLER, J., joined.

I join the majority's conclusion that the judgment of the Court of Thirteenth Appeals should be reversed. I, however, do not agree with their reasoning that the phrase "or other high crimes" in Art. XVI, § 2 [1] refers only to crimes of moral turpitude. Therefore, I concur only in the judgment of the majority.

## I.

In this cause, the majority determines that felony driving while intoxicated is not a high crime because it is not a crime of moral turpitude akin to bribery, perjury and forgery and "does not even require a culpable mental state." The majority concludes that the juror, who had been convicted of felony driving while intoxicated, "As such, there is no conflict in the instant case between Art. XVI, § 2 and art. 44.46, and the latter is not unconstitutional as applied to appellant." *Ante*, op. at 221. I believe that the majority's interpretation of the phase "or other high crimes" in Art. XVI, § 2 is too narrow.

The majority relies upon the principle of *ejusdem generis* to support its conclusion that "or other high crimes" means no more than " other crimes of moral turpitude." [2] *Ante*, op. at 220 – 21. Essentially, *ejusdem generis* means that when a general term follows a specific term or terms, the specific will govern the general. *Ejusdem generis*, however, is "not in and of itself a

rule of interpretation, but an aid to interpretation, when the intention is not otherwise apparent." *Thomas v. State*, 129 Tex. Crim. 628, 91 S.W.2d 716, 722 (1935) (Lattimore, J., dissenting). The aid should not be invoked "to restrict the operation of the act within narrower limits than the Legislature intended." *Id.* The doctrine of *ejusdem generis* is "only a rule of construction, to be applied as an aid in ascertaining the legislative intent, and cannot control where the plain purpose and intent of the Legislature would thereby be hindered or defeated." *Hurt v. Oak Downs, Inc.*, 85 S.W.2d 294, 298 (Tex.App.-Dallas 1935, writ dism'd w.o.j.).

Instead, it is more significant that the framers used the disjunctive "or" in its list of subject offenses in Art. XVI, § 2. When the framers separated "bribery, perjury, forgery" from "other high crimes" with the disjunctive "or," they established an alternative relationship between "bribery, perjury, forgery" and "or other high crimes."

> [T]he disjunctive "or" usually, but not always, separates words or phrases in the alternate relationship, indicating that either of the separated words or phrases may be employed without the other. The use of the disjunctive usually indicates alternatives and requires that those alternatives be treated separately. ... It generally means that the terms joined by the disjunctive "or" must have different meanings because otherwise the statute or provision would be redundant.

1A SUTHERLAND STAT. CONST. § 21.14 (5th ed. 1993 & Supp.1999).

---

1. Art. XVI, § 2 provides,
   "Laws shall be made to exclude from..., serving on juries,..., those who may have been or shall hereafter be convicted of bribery, perjury, forgery, or other high crimes."
   See TEX. CONST. art. XVI, § 2.

2. I believe the intent of the majority is not to include all crimes of moral turpitude. Instead, by the meaning of the principle of *ejusdem generis* set out in the majority opinion

they include only those crimes of moral turpitude which are akin to bribery, perjury and forgery. These would be crimes involving false statement or dishonesty. In contrast, *all* crimes of moral turpitude would also include offenses describing acts and character of vileness and baseness which set the offender apart from the rest of society. *See U.S. v. Gloria*, 494 F.2d 477, 481 (5th Cir.1974).

Consistent with this rule of statutory interpretation, I believe the phrase "or other high crimes" in Art. XVI, § 2 refers to all felonies regardless of whether they involve moral turpitude or dishonesty or false statements. This interpretation is consistent with several laws enacted by the Legislature pursuant to the framers' directive in Art. XVI, § 2. The Legislature has enacted a rule stating that a person who has been finally convicted of a felony, from which that person "has not been pardoned or otherwise released from the resulting disabilities," is not eligible to be a candidate for, or elected or appointed to, a public office in this state. *See* TEX. ELEC. CODE ANN. § 141.001(a)(4). The Legislature has also decided that when a county officer is convicted by a petit jury for any felony or for a misdemeanor involving official misconduct, that conviction serves as an immediate removal of that county officer from office. *See* TEX. LOC. GOV'T CODE ANN. § 87.031. The Legislature set out in the Code of Criminal Procedure that anyone convicted of, or under indictment or legal accusation for, theft or any felony, is absolutely disqualified from jury service, shall not be impaneled on a jury, and is subject to a challenge for cause by either party. *See* TEX.CODE CRIM. PROC. ANN. art. 35.16(a)(2)and(3) and art. 35.19. *See also* TEX. GOVT.CODE ANN. § 62.102(7) and (8). Lastly, the Legislature has enacted a rule stating that a person is a "qualified voter" if he or she has not been finally convicted of a felony or, if so convicted, has met one of three statutory qualifications. *See* TEX. ELEC.CODE ANN. § 11.002(4)(A) and (B). From these statutes, I believe the Legislature has viewed the mandate of Art. XVI, § 2 as enabling them to enact laws excluding felons from elective office, serving on juries and from the right of suffrage.

Interpreting "or other high crimes" as all felonies is also consistent with the interpretations of Art. XVI, § 2 by other appellate courts of this state. In *Welch v. State ex rel. Long*, 880 S.W.2d 79 (Tex.App.-Tyler 1994, writ denied), the Tyler Court of Appeals concluded that a person who

had been convicted of a felony was barred from holding public office by the provisions of both the Election Code and the enabling language of Art. XVI, § 2. The defendant in *Welch* argued Art. XVI, § 2 prohibited the removal of state officers for offenses such as felony DWI because "DWI is neither a crime of moral turpitude nor an offense which requires a *mens rea*, it cannot be considered a high crime as that term is used in the Constitution." *Id.* at 82.

The Tyler court explained why an individual who had been convicted for felony driving while intoxicated was subject to the provision of Art XVI, § 2. It discussed that in ordinary usage, the phrase means nothing more than a serious or a grave crime. *See id.* The Tyler Court understood "or other high crimes" in the context of Art. XVI, § 2 to mean felonies and concluded that the constitution did not bar the defendant's removal from public office. *See id.*

The state appellate courts have also discussed whether Art. XVI, § 2 directs the Legislature to bar felons, generally, from serving on juries. In *Easterwood v. State*, 34 Tex.Crim. 400, 31 S.W. 294, 296 (App. 1895), this Court concluded that pursuant to the directive of Art. XVI, § 2, if the "party offered as a juror has been convicted of a felony, he is debarred the privilege of suffrage." In *R.R.E. v. Glenn*, 884 S.W.2d 189, 191–93 (Tex.App.-Fort Worth 1994, writ denied), the Fort Worth Court of Appeals concluded that a party had not been afforded his constitutional rights if the jury included a person who had been convicted of a felony and had not been pardoned by the Governor. The court of appeals discussed the loss of the right to serve on a petit jury and whether it extended to all felons, not merely those convicted of crimes of moral turpitude, in terms of Art. XVI, § 2. *See id.* The court of appeals concluded that "a party, whether he be a party to a civil action or a defendant in a criminal action, has not

been afforded his constitutional rights if the jury composition in his case includes a person who has been convicted of a felony and has not been pardoned by the Governor." *See id.* at 193.

The majority believes that the framers of the Texas Constitution used the phrase "or other high crimes" in Art. XVI, § 2 because it was distinguishable from their use of the term "felony" in Art. III, § 14 or Art. VI, § 5, and the majority contends that the framers, therefore, meant to exclude all felonies not involving moral turpitude from inclusion in the phrase "or other high crimes." *See ante,* op. at 221. I disagree. It is not unreasonable to conclude the framers selected the phrase "or other high crimes" simply because it was similar to the phrase "or other High Crimes and Misdemeanors" used in Art. II, § 4 of the Federal Constitution.[3] The phrase "or other High Crimes and Misdemeanors" in the Federal Constitution is viewed as an older phrase of indefinite meaning, "which has been held to include such immoral and unlawful acts as are nearly allied and equal in guilt to felony, yet, owing to some technical circumstance do not fall within the definition of felony." BLACK's LAW DICTIONARY (3d ed.1933) 480; COLLEGE LAW DICTIONARY (2d ed.1931) 381. The phrase in Art. II, § 4 has been viewed as including felonies as well as "the more serious or aggravated misdemeanors; those which are nearly allied and equal in guilt to felony, but do not fall within its definition." *Fimara v. Garner,* 86 Conn. 434, 85 A. 670, 672 (1913). Additionally, if the framers of our state constitution had meant for "or other high crimes" to mean only "high crimes of moral turpitude" or "high crimes involving dishonesty or false statement," they would have included one of those

phrases in the text of Art. XVI, § 2. They, however, did not do so.

Lastly, the majority's view that "or other high crimes" means only other crimes of the same type as bribery, perjury or forgery has the potential to create problems. The language of the majority's opinion implicitly limits the definition of "or other high crimes" to those crimes which involve dishonesty or false statement. *See* n. 2, *infra.* If an individual is barred from seeking elective office or from voting because he is an unpardoned, convicted felon and the statutes set out above prevent him from holding office or voting, and if the felony for which he has been convicted does not involve dishonesty or false statement,[4] could he not complain based on the decision of the majority today? If Art. XVI, § 2 only authorized the Legislature to enact statutes barring from office and the voting booth those who have been convicted of a crime involving dishonesty or false statement, could that individual complain of the denial of his rights to Equal Protection under the Federal Constitution? Could he not argue that our state constitution does not bar him as unfit from public office or the voting booth? Could he not argue that the Legislature has unjustifiably singled him out for loss of his rights, even though he has paid his debt to society and has been rehabilitated?

The majority fails to answer the issue before this Court in this matter—whether Article 44.46, section 2 of the Code of Criminal Procedure subverts the intent of Art. XVI, § 2 of the Texas Constitution. In their effort to do so, I believe their novel interpretation of Art. XVI, § 2[5] has created more potential problems than they have resolved.

---

**3.** U.S. CONST. art. II, § 4 sets out:
"The President, Vice President and all civil Officers of the United State shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other High Crimes and Misdemeanors."

**4.** For example, crimes which do not involve dishonesty or false statement include murder,

sexual assault, burglary, robbery, possession or distribution of controlled substances, and felony intoxication offenses.

**5.** The only support they have found in their position was in the dissenting opinion of Justice Dorsey in the court below.

## II.

This Court granted the State's petition for discretionary review [6] to examine the constitutionality of Art. 44.46(2). I would reverse the decision of the court of appeals because the Legislature's enactment of Art. 44.46(2) was a permissible decision to subject a non-structural trial error to harmless error analysis and was, therefore, not unconstitutional. A review of the factual history of this cause is necessary to adequately resolve the issue before this Court.

### A.

The trial court held a hearing on appellant's motion for new trial. At that hearing, appellant argued that one of his jurors, Jesus Garcia, possessed a prior felony conviction for driving while intoxicated. The trial court took judicial notice that Garcia was a convicted felon at the time of appellant's trial. The State stipulated that during voir dire the trial court asked the jurors if they had ever been convicted of a felony and Garcia failed to disclose his prior felony conviction. But the State also proved it did not learn Garcia had a prior felony conviction until 20 minutes after the jury returned its verdict.

At the hearing, appellant claimed that the trial court should grant him a new trial because Garcia had been "convicted finally of a felony." Relying upon Art. 44.46(2), the State responded that, because Garcia's felony conviction was not discovered nor brought to the attention of the trial court until after the verdict was entered, appellant had the burden to "show significant harm by the service of the disqualified juror." In the State's opinion, appellant had made no such showing. Appellant argued that Art. 44.46 conflicted with his right to trial by jury under the Sixth Amendment of the U.S. Constitution and under Art. I, § 10 of the Texas Constitution. The trial court, however, declined to find that Art. 44.46(2) was unconstitutional and overruled appellant's motion for new trial.

A majority of the Corpus Christi Court of Appeals concluded Art. 44.46(2) was unconstitutional. *Perez v. State*, 973 S.W.2d 759 (Tex.App.-Corpus Christi 1998). The court reasoned that Art. 44.46(2) was inconsistent with the Texas "constitution's purpose to maintain the purity of the jury's composition of qualified persons." *Id.*, at 762. In the court's opinion, Art. 44.46(2) destroyed the "purity" of juries by allowing people who had been convicted of "bribery, perjury, forgery or other high crimes" to be empaneled as jurors. *Id.* The court believed the instant case was particularly offensive because appellant was not at fault for being unaware of Garcia's status as a convicted felon. The court emphasized that Garcia served on the jury solely because of Garcia's "affirmative misrepresentation." *See id.* The court of appeals concluded that Art. 44.46(2) was incompatible with Art. XVI, § 2 of the Texas Constitution "the purpose of which is to prohibit felons from serving on juries." *Id.*

The State urges this Court to reverse the decision of the court of appeals, arguing the Legislature enacted Art. 44.46(2) pursuant to its constitutional mandate to "pass such laws as needed to regulate [the right of trial by jury], and to maintain its purity and efficiency." Tex. Const. art. I, § 15. The State argues Art. 44.46(2) is consistent with both of the interests of Art. I, § 15—purity and efficiency. The State claims that subjecting the instant violation

---

**6.** The State filed petitions for discretionary review through the Cameron County District Attorney's office and through the State Prosecuting Attorney's office. The Cameron County District Attorney's office argues that Art. 44.46(2) does not violate the Texas Constitution. The State Prosecuting Attorney's office argues essentially the same issue. For the purposes of this opinion we will consider the offices of the District Attorney and the State Prosecuting Attorney to be a single party, to wit, the State. *See State v. Hight*, 907 S.W.2d 845, 846 (Tex.Crim.App.1995).

of Art. XVI, § 2 to the harm analysis set out in Article 44.46(2) does not fatally undermine the protection advanced by Art. XVI, § 2.

**B.**

The Corpus Christi Court of Appeals concluded the Legislature's decision to require a showing of "significant harm" before permitting a reversal under Art. 44.46(2) did not "effect the constitution's purpose to maintain the purity of the jury's composition." *Id.,* at 762. In reaching this conclusion, I believe the court of appeals overlooked the requirement that the Legislature satisfy a *dual* purpose when passing laws regarding trial by jury: the purity of the right to trial by jury, *and* the efficiency of the right to trial by jury. When the Legislature adopted Art. 44.46(2) of the Code of Criminal Procedure, it complied with both purposes.

Art. 44.46(2) permits an appellate court to reverse a conviction on the ground that a juror was "absolutely disqualified" in two circumstances: one, when the disqualification was brought to the trial court's attention before the verdict was entered; and two, when the disqualification was brought to the trial court's attention after the verdict was entered, and the defendant shows he suffered a "significant harm by the service of the disqualified juror." By allowing appellate courts to reverse convictions when a disqualified juror has served on a jury, Art. 44.46 honors the requirement of Art. XVI, § 2 of the Texas Constitution that the legislature make laws excluding individuals who have been convicted of "bribery, forgery, perjury or other high crimes" from serving on juries. In this way, Art. 44.46 maintains the purity of the right to trial by jury required by Art. I, § 15.

But Art. 44.46 also satisfies the mandate of Art. 1, § 15, which states that the Legislature must maintain the efficiency of the right to trial by jury. It accomplishes this by encouraging trial courts to halt proceedings before a verdict is entered and declare mistrials if the disqualification is brought to their attention during trial. In this situation, the trial courts realize the case will be reversed on appeal. It also serves the efficiency of the right to trial by jury by preserving the integrity of a jury's verdict, which has already been entered, so long as the defendant has not been significantly harmed.

The Corpus Christi Court of Appeals overlooked the constitutional mandate of preserving the efficiency of the right to trial by jury. Instead, the court of appeals sought to only preserve the mandate of the "purity" of the right to trial by jury. As a result, the court of appeals decided Art. 44.46(a)(2) was unconstitutional because it would allow a jury's verdict to stand even though it contained an otherwise disqualified juror and was, therefore, not pure. In this decision, the Corpus Christi Court of Appeals implicitly concluded that the erroneous inclusion of a disqualified juror on a jury panel was immune to harmless error analysis. I disagree with this supposition.

No error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is "categorically immune to a harmless error analysis."[7] *Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim.App.1997). In *Cain,* the defendant complained of the trial court's failure to admonish him of the potential deportation consequences of his guilty plea pursuant to Art. 26.13(a)(4) of the Code of Criminal Procedure. This Court held that the trial court's error was subject to harmless error analysis and further concluded that the trial court's failure to properly admonish the defendant was harmless because the

---

7. Only those specific federal constitutional errors which have been labeled by the United States Supreme Court as structural errors are categorically immune to harmless error analysis. *See Arizona v. Fulminante,* 499 U.S. 279, 111 S.Ct. 1246, 1264–65, 113 L.Ed.2d 302 (1991), (stating that the Supreme Court defined certain federal constitutional errors as "structural" and, therefore, immune to harmless error analysis).

defendant was a United States citizen and not subject to deportation. *See id.* at 264; *see also Cena v. State,* 991 S.W.2d 283 (Tex.Crim.App.1999)(concluding that the trial court's error in refusing to permit the defendant to ask the jury a proper question during voir dire was subject to a harmless error analysis.); *Salinas v. State,* 980 S.W.2d 219 (Tex.Crim.App.1998)(concluding that the error in failing to comply with Art. 1.13's requirement of executing a written waiver of jury trial upon the defendant changing plea before the jury was subject to a harmless error analysis).

Moreover, the erroneous decision to grant or deny challenges for cause are not structural federal constitutional errors and, therefore, are subject to harmless error analysis. *See Johnson v. State,* 982 S.W.2d 403, 406 (Tex.Crim.App.1998) (holding that the trial court's improper denial of defendant's challenge for cause under Art. 35.16(c)(2) of the Code of Criminal Procedure was subject to a harmless error analysis under Rule 44.2(b) of the Rules of Appellate Procedure.); *Jones v. State,* 982 S.W.2d 386, 392–94 (Tex.Crim. App.1998) (concluding that in the direct review of a capital murder conviction, the trial court's error in improperly sustaining the State's challenge for cause was not reversible because the defendant could not show he was denied a trial by a fair and impartial jury). I would therefore conclude that the instant case does not involve an occurrence of a structural federal constitutional error.

Finally, in *Issac v. State,* 989 S.W.2d 754, 757 (Tex.Crim.App.1999), this Court dealt with a statute similar to Art. 44.46(a)(2). This Court concluded in *Issac* that Rule 34.6(f)(3) of the Rules of Appellate Procedure effectively called for a harmless error analysis because it permitted a new trial in the event of a missing portion of a trial record on appeal only

when the missing portion of the record was shown to be "necessary to the appeal's resolution." Relying on our decision in *Cain v. State,* we decided in *Issac* that an automatic rule of reversal is not justified merely because "the lack of a record may in some cases deprive an appellate court of the ability to determine whether the absent portions are necessary to the appeal's resolution." *Id.* at 757.

In the instant case, we are confronted with the application of Art. 44.46(2) which does not involve structural federal constitutional error and is only a harmless error statute by implication.[8] The Legislature provided in Art. 44.46(2) for appellate reversals only in cases where a defendant has shown he was significantly harmed by the seating of a felon on his jury panel and where the error was not discovered until after the verdict was entered. The purity of the right to trial by jury is not adversely impacted by an inquiry into whether the erroneous inclusion of a felon on a jury panel resulted in a significant harm to a defendant. The efficiency of the right to trial by jury has been served by preserving the integrity of a jury's verdict where no significant harm to the defendant has occurred.

### C.

This Court should conclude that Art. 44.46(a)(2), and its requirement that a defendant show significant harm by the erroneous inclusion of a convicted felon on his jury, is not invalid under the Texas Constitution. Art. 44.46(2) merely calls for the application of harmless error analysis to a violation of Art. 35.19 of the Code of Criminal Procedure which was enabled by Art. XVI, § 2 of the Constitution. Art. 44.46(a)(2) serves both goals of Art. I, § 15 of the Texas Constitution.

Here, the court of appeals agreed with appellant that Art. 44.46(a)(2) violated the

---

**8.** There is nothing in this type of error which should be immune to harmless error analysis. "Appellate courts should not foreclose entire categories of error from harmless error re-

view merely because such errors may resist a meaningful harmless error determination." *Cain v. State,* 947 S.W.2d at 264.

Texas Constitution's protection of his inviolate right to jury trials. I would reverse the judgment of the court of appeals and conclude that Art. 44.46(a)(2) is not unconstitutional. Because the majority fails to do so, I respectfully concur only in their judgment.