11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

James
S. King

Appellant

Vs.                   No. 11-04-00037-CV -- Appeal from Callahan County

First
National Bank of Baird

Appellee

 

James S. King appeals the order of the trial court
granting the First National Bank of Baird=s
motion for sanctions against him.  We
affirm.

Over the course of three decades and four
lawsuits, appellant has litigated the ownership of a tract of land in Callahan
County.  The property once belonged to
appellant, but his ownership ended on August 5, 1986, in foreclosure
proceedings brought by the Bank.  The
Bank sold the property to James C. Tollett and Henry P. Thompson.  Subsequently, Tollett and Thompson sold the
property to Myrtle Ann Cunningham.  When
Cunningham died, the property was sold to Michael Jones and his wife, Rebecca
Davis Jones.

In three prior lawsuits dating back to 1989,
appellant has in turn sued the Bank and its trustees; the Bank, Tollett,
Thompson, Cunningham, and Russell Wade Holland (the executor of Cunningham=s estate); and the Bank, Michael Jones,
and Rebecca Davis Jones.  In each suit,
the trial court ruled against appellant, granting motions for summary judgment
in the first two suits and a motion for sanctions in the third suit.  This court has affirmed the judgment of the
trial court in each of the three prior lawsuits.[1]








In 2003, appellant sued again.  This time, appellant turned his attention to
the Bank, alleging that it had deprived him of his property without due process
of law.  The Bank filed a motion for
sanctions against appellant, and a hearing was held on November 6, 2003.  The trial court found that appellant=s suit was groundless and brought in
bad faith.  The court sanctioned
appellant in the amount of $5,000 and barred him from filing any further
lawsuits against the Bank concerning the property in question until he complied
with the sanction order.

Appellant first asserts that he was denied the
right to a trial by jury.  We
disagree.  Texas law gives parties to
both civil and criminal actions the right to request a trial by jury.  TEX.R.CIV.P. 216(a); see Perez v. State,
11 S.W.3d 218, 222 (Tex.Cr.App.2000). 
Appellant=s case,
however, was dismissed prior to trial. 
There is no law in Texas that entitles appellant to a jury on pretrial matters,
such as a motion for sanctions. 
Appellant=s first
point of error is overruled.

In his next two arguments, appellant asserts that
the order for sanctions is unsupported by evidence.  We disagree. 
Trial courts are authorized to impose sanctions against an attorney, a
represented party, or both who file a pleading that is groundless and brought
in bad faith or to harass.  TEX.R.CIV.P.
13; see GTE Communications Systems Corporation v. Tanner, 856 S.W.2d
725, 730 (Tex.1993).  AGroundless@
means no basis in law or fact and not warranted by a good faith argument for
the extension, modification, or reversal of existing law.  Rule 13.

The imposition of Rule 13 sanctions is within the
discretion of the trial court; thus, we set aside its decision only on a
showing of a clear abuse of discretion.  Cone
v. Fagadau Energy Corporation, 68 S.W.3d 147, 165 (Tex.App. - Eastland
2001, pet=n den=d). 
When imposing Rule 13 sanctions, the trial court is required to make
particularized findings of good cause justifying the sanctions.  Cone v. Fagadau Energy Corporation, supra
at 166.    Failure to comply with this
clear directive is an abuse of discretion. 
Cone v. Fagadau Energy Corporation, supra.

The trial court made the following findings of
good cause justifying the sanctions: (1) appellant=s
suit was groundless and brought in bad faith; (2) appellant=s lawsuit was false; (3) appellant was
not the owner of the property in question, and his lack of ownership had
already been determined in two prior separate lawsuits; (4) appellant=s lawsuit had no basis in fact; (5)
appellant=s lawsuit
was not warranted by existing good law or a good argument; (6) there was no
reasonable probability that appellant would prevail; (7) prior litigation on
the same subject matter had previously been brought by appellant, and his suit
was an attempt to relitigate the same claims previously determined; (8)
appellant had sued every owner of the property at issue since he lost title by
foreclosure in August 1986; (9) appellant had previously been sanctioned for
bringing a frivolous lawsuit; and (10) appellant was a Avexious
litigant@ (sic).








The trial court did not abuse its discretion.  Its decision to sanction appellant for
bringing a groundless lawsuit in bad faith was reasonable in view of the
history of the litigation surrounding the property at issue.  Appellant=s
second and third points of error are overruled.

Finally, appellant asserts that the trial court
erred in failing to hold a trial on the Aunderlying
merits of the case.@  We disagree. 
By finding that appellant=s
suit was groundless, false, and not warranted by existing law, it can
reasonably be inferred that the trial court found the case to be without
merit.  The order granting the Bank=s motion for sanctions and dismissing
appellant=s suit
was a final judgment.  See First Nat.
Bank of Houston v. Fox, 39 S.W.2d 1085, 1086 (Tex.1931).  Appellant=s
fourth point of error is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

March 3, 2005

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Appellate Cause Nos. 11-94-00062-CV, 11-99-00325-CV,
and 11-01-00177-CV.